UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **GLENN MONDAY,** | **CIVIL ACTION NO. 5:13-CV-392-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| Defendant. | |

    The plaintiff Glenn Monday brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Supplemental Security Income. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

    An Administrative Law Judge ("ALJ") denied Monday's claim (Administrative Record ("AR") at 6) and Monday now asks this Court to review that decision. This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

    In denying Monday's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

    At step one, the ALJ determined that the claimant has not engaged in substantial gainful activity since February 28, 2011, the application date. (AR at 11).

At step two, the ALJ determined that Monday suffers from the following severe impairments: degenerative disc disease to the lumbar spine and adjustment disorder. (AR at 11.)

At step three, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 12.)

The ALJ determined that Monday has the residual functional capacity (RFC) to perform "light" work as defined by 20 C.F.R. § 416.967(b) with the following exceptions:

> [H]e cannot climb ladders, ropes, or scaffolds; he cannot work at unprotected heights; he cannot work around hazardous machinery; and he is limited to the performance of simple, routine, repetitive tasks in an environment that does not involve interaction with the general public and where there are few changes in the routine work setting and any changes are introduced gradually.

(AR at 13.)

At step four, the ALJ found that Monday has no past relevant work. (AR at 19.)

At step five, the ALJ determined that, given the described RFC, Monday could perform jobs that exist in significant numbers in the national economy and, thus, he was not disabled. (AR at 19.)

## ANALYSIS

Monday argues that the ALJ erred in finding that there were jobs in the national economy that he could perform because the vocational expert failed to identify any such jobs. But in post-hearing interrogatories, the vocational expert determined that an individual with Monday's RFC could perform unskilled jobs that exist in the national economy. The vocational expert specifically identified partition assembler, inspector and hand packager, and bottling line attendant. (AR at 227-28, Rymond Report.)

Monday also argues that the ALJ violated a provision in the Social Security Administration's Hearings, Appeals and Litigation Law Manual (HALLEX). http://www.ssa.gov/OP_Home/hallex/hallex.html. HALLEX provides that, when an ALJ receives evidence after the hearing from a source other than the claimant and proposes to admit the evidence into the record, the ALJ must give the claimant the opportunity to examine the evidence and respond to it or, if required, cross-examine the source. *See* HALLEX, § I-2-7-30.

In this case, after the hearing, the ALJ ordered a consultative psychological evaluation of Monday by Dr. Gary Stewart. (AR at 262, Stewart Evaluation.) The ALJ provided a copy of the evaluation to Monday's counsel. (AR at 224, Cornett Letter.) As a result of this examination, the ALJ modified his hypothetical and sent supplemental interrogatories to the vocational expert. (AR at 226, Rymond Report.)

Monday argues that the ALJ did not provide him a copy of the interrogatories or the vocational expert's responses in violation of HALLEX. But this is not supported by the evidence. The ALJ sent the vocational expert's response to the interrogatories to Monday's counsel by letter dated May 31, 2012. (AR at 166, Watson Letter.) The ALJ advised that if he did not receive a response from Monday within 10 days, he would assume that Monday did not wish to request a supplemental hearing or orally question the vocational expert and the ALJ would then enter the report in the record and issue his decision. It does not appear that Monday ever responded.

Monday argues that the ALJ failed to incorporate some of the results of Dr. Stewart's psychological evaluation into his post-hearing interrogatories. Monday argues that the ALJ failed to incorporate Dr. Stewart's determination that Monday had a poor ability to "respond to novel situations and follow complex instructions," a poor ability to relate to others including co-

3

workers and supervisors; a poor ability to "tolerate stress and pressures associated with work;" and an inability to "responsibly manage benefits if they are awarded due to his history of substance abuse and potential for relapse." (DE 17-1, Mem. at 7; AR at 267-68, Stewart Report.)

In the hypothetical presented to the vocational expert after the hearing, the ALJ limited the individual "to the performance of simple, routine, repetitive tasks in an environment that does not involve interaction with the general public and where there are few changes in the routine work setting and any changes are introduced gradually." (AR at 230, Interrogatories.)

Thus, the interrogatory does incorporate Dr. Stewart's findings regarding Monday's poor ability to respond to novel situations and follow complex instructions. It also allows for accommodations for Monday's poor ability to tolerate work stress and pressure. Further, the ALJ's hypothetical was consistent with Dr. Stewart's opinion that Monday would require only "moderate" workplace restrictions in interacting with the public, supervisors, and co-workers. (AR. at 270, Stewart Evaluation; AR at 18, ALJ Opinion.) The ALJ noted that nothing in the record supported more than a moderate limitation in social functioning. (AR at 12, ALJ Opinion.) As to Monday's inability to responsibly manage benefits if awarded, this finding is not relevant to any workplace restrictions.

Finally, Monday objects to the ALJ's finding that Monday has at least a high school education. Monday asserts that he withdrew from school in ninth grade after failing every class that year. But Monday earned his general equivalency diploma (GED ) in 2000. (AR at 192, Disability Report.) A GED is equivalent to a high school degree.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 17) is **DENIED**;
2. The defendant's motion for summary judgment (DE 18) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated March 27, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY